UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ANDRE MAURICE WESLEY, | ) | No. CV 10-1407-PSG (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: SUMMARY DISMISSAL OF ACTION** |
| IRONWOOD STATE PRISON, | ) | |
| Respondent. | ) | |

On February 25, 2010, petitioner filed a Petition for Writ of Habeas Corpus. Petitioner contends that at some unspecified time he was brutalized by prison staff from the Ironwood State Prison located in Blythe, California. (See Petition). Specifically, petitioner asserts that he was attacked by prison staff while he was handcuffed, deprived of food and property, and illegally forced to consume medicine after being placed in a psychiatric unit. (See Petition at 3-6; Petition Ground Two attachment).

On February 26, 2010, the Magistrate Judge issued an Order Dismissing Petition with Leave to Amend. Petitioner was advised that a review of his filings indicated that he had failed to state a claim on which habeas relief could be granted as it appeared that he was attacking the conditions of his incarceration, rather than the legality of his conviction or sentence. Specifically, the Magistrate Judge explained that Title 28 U.S.C. § 2254 empowers the Court to "entertain an

1  application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment
2  of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or
3  treaties of the United States." See 28 U.S.C. § 2254(a).  However, claims directed to the
4  conditions of petitioner's confinement may not properly be asserted in a habeas petition, or as part
5  of a habeas petition.  See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-
6  500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Rather, such claims must be asserted in a separate
7  civil rights action.  See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas
8  corpus is limited to attacks upon the legality or duration of confinement.").  If a prisoner is
9  challenging the conditions of his confinement rather than the fact of confinement, his remedy is
10 under the civil rights laws.  See Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974); see also
11 Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper
12 mechanism for a prisoner to challenge the legality or duration of confinement."); Hartman v.
13 Summers, 878 F. Supp. 1335, 1347 n.15 (C.D. Cal. 1995) (when a petitioner's complaint is
14 regarding the conditions of confinement, it is more appropriately raised in a civil rights action).

15       In dismissing the Petition, the Magistrate Judge directed the Clerk of the Court to provide
16 petitioner with a blank copy of the Central District of California's Civil Rights Complaint form, and
17 a Request for Leave to Proceed Without Prepayment of Filing Fees, along with a copy of the
18 February 26, 2010, Order.  The Magistrate Judge advised petitioner that if he wished to pursue
19 this action, he should file a Civil Rights Complaint and a completed Request for Leave to Proceed
20 Without Prepayment of Filing Fees (or the appropriate filing fee), using the forms sent by the
21 Clerk, **no later than March 19, 2010**.  Petitioner was further admonished by the Magistrate Judge
22 that failure to do so would result in a recommendation that the action be dismissed without
23 prejudice for failure to prosecute, and failure to comply with court orders and governing case law.

24       **Petitioner did not file a complaint or any other response to the Magistrate Judge's**
25 **February 26, 2010, Order, and his time for doing so has expired.**

26 /
27 /
28

**DISCUSSION**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner has failed to file a Civil Rights Complaint and a completed Request for Leave to Proceed Without Prepayment of Filing Fees as ordered in the Magistrate Judge's February 26, 2010, Order. Petitioner's conduct hinders the Court's ability to move this case toward disposition, and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942

F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to file a Civil Rights Complaint and a completed Request for Leave to Proceed Without Prepayment of Filing Fees as directed by the Magistrate Judge's February 26, 2010, Order, or to submit any sort of response to the Order.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner in the February 26, 2010, Order that failure to comply with the Order would result in a recommendation that the action be dismissed for failure to prosecute.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the February 26, 2010, Order.

In light of the foregoing, the Court finds that dismissal of this action is appropriate on the basis that petitioner has failed to state a claim on which habeas relief could be granted, and for petitioner's failure to prosecute, comply with court orders, and comply with governing case law. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED:  03/31/10

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

4